UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-148-JRG-DCP |
| | ) | |
| GREGORY S. MCMILLAN, and MIRANDA MCCABE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Strike Defendant's Motion to Dismiss ("Motion to Strike") [Doc. 29] and Defendant McCabe's Motion to Excuse One-on-One Conference Call Due to Pro Se's Status and Harassment Nature of the Case ("Motion to Excuse") [Doc. 31]. In light of the approaching deadlines, the Court elects to adjudicate this matter expeditiously. *See* E.D. Tenn. L.R. 7.2. For the reasons explained below, the Court **GRANTS** the motions [**Docs. 29 and 31**].

I.  **BACKGROUND**

On May 5, 2023, United States District Judge Ronnie R. Greer entered an Order Governing Motions to Dismiss [Doc. 7]. The Order states:

> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to confer also applies to parties appearing *pro se*. Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an

amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.

MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

[*Id*.]. On June 22, 2023, Defendant McCabe, appearing pro se, filed a Motion to Dismiss [Doc. 22]. It does not include the required certification [*See id*.].

The following day, on June 23, 2023, Judge Greer entered an Order directing the parties to "confer, in a conference arranged by plaintiff[]," for the purpose of discussing certain topics, including (1) the nature and basis of the parties' claims and defenses, (2) the possibility of a prompt settlement, (3) the time to exchanges disclosures under Rule 26(a)(1), (4) a discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and (5) consenting this case to the undersigned [Doc. 24 ¶ 1]. He ordered the parties to confer within thirty (30) days—July 24, 2023 [*Id*.].[1] In addition, he ordered that within fourteen (14) days of their meeting, the parties must file their Rule 26(f) report, specifying:

> **The report shall contain: (1)** a statement of the jurisdictional basis for the suit and any objections thereto; **(2)** a synopsis of the case advising the Court of the general claims and defenses of the parties; **(3)** the parties' good faith certification as to when the case will be ready for trial (the parties should be aware that the case should be ready for trial not later than eighteen (18) months from the date of the filing of the report of their Rule 26(f) planning meeting; if the parties believe the case cannot be ready for trial within that time frame, the parties must state the circumstances fully in the parties' report); **(4)** the estimated length of trial; and **(5)** whether the parties do or do not consent to the exercise of jurisdiction by a magistrate judge.

---

[1] Thirty days from entry of the Order [Doc. 24] was July 23, 2023; however, because July 23 is a Sunday, the deadline was July 24, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C) & (a)(5).

[*Id*. ¶ 2]. Judge Greer directed the parties to use the format in Form 52 in the Appendix of Forms for their Rule 26(f) report [*see id*.].

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons set forth below, the Court **GRANTS** both motions [**Docs. 29 & 31**].

The Court will begin with Plaintiff's motion and then turn to Defendant McCabe's motion.

### A. Plaintiff's Motion to Strike [Doc. 29]

Plaintiff moves to strike Defendant McCabe's Motion to Dismiss [Doc. 22] for two reasons. First, Defendant McCabe's motion to dismiss "contains incomplete, blurry text messages[,]" and pictures of Plaintiff's and Defendant McCabe's daughter [Doc. 29 p. 1]. In addition, Plaintiff states that Defendant McCabe did not comply with the District Judge's Order [*See* Doc. 7].

The Court has reviewed Defendant McCabe's Motion to Dismiss [Doc. 22], and it does not comply with Judge Greer's Order [Doc. 7]. Given that Defendant McCabe did not comply with the Court's Order [Doc. 7], the Court **STRIKES** her Motion to Dismiss [**Doc. 22**]. Further, because the motion includes photographs of the parties' minor daughter, the Court **DIRECTS** the Clerk's Office to **DELETE** [**Doc. 22**] and the exhibits thereto [**Docs. 22-1 – 22-6**].

The Court **ORDERS** the parties to confer (as explained below) in accordance with Judge Greer's Order [Doc. 7] on or before **August 9, 2023**. If the parties are unable to agree that a pleading is curable by a permissible amendment, Defendant McCabe may re-file her motion to dismiss and include the required certification [*see id*.], but she **SHALL** do so on or before **August 18, 2023**. If they agree that a pleading is curable by a permissible amendment, Plaintiff **SHALL**

file a motion for leave to amend his Complaint on or before **August 18, 2023**.[2] To the extent the parties' filings contain photographs or other information pertaining to a minor, the parties **SHALL** file a motion seeking to seal such documents. The Court therefore **GRANTS** Plaintiff's Motion to Strike [**Doc. 29**].

       **B.**     **Defendant McCabe's Motion to Excuse [Doc. 31]**

Defendant McCabe moves to excuse the conference call with Plaintiff.[3] Defendant McCabe's motion states that Plaintiff's lawsuits are harassing and that he continues to "cause [her] emotional distress through the legal system" [Doc. 31 p. 1]. Defendant McCabe asserts that Plaintiff "has persistently pursued frivolous legal actions against [her]" [*Id*.]. This has caused Defendant McCabe "significant anxiety and fear of [her] safety and well-being" [*Id*.]. "Considering the history of vexatious litigation and harassment from [Plaintiff]," Defendant McCabe states "that participating in a one-on-one conference call with him would be an undue burden on [her] emotional state and potentially expose [her] to further harassment" [*Id*.]. She requests that the Court consider excusing her from "participating in a one-on-one conference call with [Plaintiff] on July 23, 2023[,]" and she "propose[s] that any necessary conference take place through written means or a third-party mediator, to ensure a more secure and harassment-free environment" [*Id*.].

---

[2]     Should Plaintiff decide to file an amended Complaint, he shall comply with Local Rule 15.2, which states, "A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion." E.D. Tenn. L.R. 15.1. It may not incorporate any prior pleading. *Id*.

[3]     Given her reference to July 23, 2023, the Court believes Defendant McCabe is referring to the parties' discovery planning meeting, which Judge Greer ordered the parties to conduct within thirty days of entry of his June 23, 2023 Order [Doc. 24 ¶ 1]

4

Rule 26(f) of the Federal Rules of Civil Procedure requires that the parties "confer." Fed. R. Civ. P. 26(f)(2). The Rule is silent on whether the parties may confer via telephone or electronically, although "[t]he court may order the parties or attorneys to attend the conference in person." *Id*. Judge Greer ordered the parties to "confer, in a conference arranged by plaintiff[]" [Doc. 24 ¶ 1]. "[A] procedural meet-and-confer requirement" is considered "akin to a local rule[.]" *Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494685, at *1 (E.D. Tenn. Jan. 23, 2017). "[A]lthough local rules have 'the force of law,' courts have discretion in choosing how to enforce them[.]" *Id.* (citation omitted).

Exercising this discretion, the Court will allow the parties to participate in their required conferences via electronic means (i.e., email). The Court has reviewed the Complaint, which "originates from [Plaintiff's] divorce and child custody case" against his ex-wife, Defendant McCabe [Doc. 1 p. 1]. While the Court expresses no opinion on the veracity of Defendant McCabe's allegations in her motion, the undersigned finds that the parties will be able to communicate more effectively via electronic written means. The Court therefore **GRANTS** Defendant McCabe's Motion to Excuse [**Doc. 31**]. The parties **SHALL** participate in their Rule 26(f) conference on or before **August 9, 2023**, and they **SHALL** file their Rule 26(f) report in CM/ECF on or before **August 23, 2023**.

III. **CONCLUSION**

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's Motion to Dismiss ("Motion to Strike") [**Doc. 29**] and Defendant McCabe's Motion to Excuse One-on-One Conference Call Due to Pro Se's Status and Harassment Nature of the Case ("Motion to Excuse") [**Doc. 31**]. The Court **ORDERS** as follows:

5

Case 3:23-cv-00148-JRG-DCP   Document 33   Filed 07/25/23   Page 5 of 6   PageID #: 433

1. Plaintiff and Defendant McCabe shall confer via written electronic means pursuant to the Court's Order Governing Motions to Dismiss [Doc. 7] on or before **August 9, 2023**.

2. Plaintiff and Defendant McCabe shall confer via written electronic means regarding the matters required by Rule 26(f) and pursuant to the Court's Order [Doc. 24] on or before **August 9, 2023**.

3. On or before **August 18, 2023**, Plaintiff shall file a motion to amend his Complaint or Defendant McCabe shall respond to the original Complaint. Should Defendant McCabe file a motion to dismiss, the motion shall comply with the Court's Order Governing Motions to Dismiss [Doc. 7].

4. Plaintiff and Defendant McCabe shall file their Rule 26(f) report on or before **August 23, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge