UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM ROBERT CRAIG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CV-00148-JRG-DCP |
| GREGORY S. MCMILLAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Tennessee Circuit Court Judge Gregory S. McMillan's ("Judge McMillan") Motion to Dismiss [Doc. 15] and Memorandum in Support [Doc. 16]. Plaintiff has not responded to Defendant's motion and, because Defendant filed his motion on May 11, 2023, the time for doing so has long since expired. *See* E.D. Tenn. L.R. 7.1(a) (establishing twenty-one-day period for parties to respond to dispositive motions). Further, Plaintiff has not requested an extension of time to respond or requested to amend his complaint to avoid dismissal. But, even if he had, because his claims against Judge McMillan are barred by the doctrine of absolute judicial immunity, any such relief would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend should be freely granted unless doing so would be futile).

For the reasons stated below, Judge McMillan's Motion for Summary Judgment is **GRANTED** and all claims against him are **DISMISSED WITH PREJUDICE**. Additionally, because dismissal of Plaintiff's claims against Judge

1

McMillan disposes of all of Plaintiff's federal-law claims, the Court declines to exercise jurisdiction over his remaining state-law claims against Defendant Miranda McCabe ("Ms. McCabe"). Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

This case arises from Plaintiff and Ms. McCabe's (collectively "the couple") divorce and child custody proceedings in Knox County Circuit Court, over which Judge McMillan presided. [Compl., Doc. 1 at 5.] In short, Plaintiff is unsatisfied with Judge McMillan's rulings in those proceedings. Specifically, he alleges that Judge McMillan and Ms. McCabe "conspire[ed] to violate his civil and constitutional rights protected under Tennessee and Federal law" when Judge McMillan entered a Bridging Ex Parte Order of Protection against him; issued a Restraining Order that did not equitably divide the couple's marital property; and entered an Order deeming the couple's marriage void after first entering an Order deeming it valid. [*Id.* at 5, 9–2.] Regarding the distribution of the couple's marital property, Plaintiff argues that Judge McMillan "gave Ms. McCabe all the major marital assets … without reason." [*Id.* at 14.] Of particular concern to him is the couple's former marital home and their puppy business. [*Id.*]

## PROCEDURAL POSTURE

Plaintiff has asserted federal- and state-law claims against Judge McMillan and state-law claims against Ms. McCabe. Against Judge McMillan, Plaintiff asserts a federal claim for violation of his Fourteenth Amendment Due Process rights and

state-law claims for trespass to chattels, conversion, and intentional infliction of emotional distress. [*Id.* at 20, 23–24, 29–31.] He styles these claims as against Judge McMillan "in his individual capacity." [*Id.* at 20.] Against Ms. McCabe, Plaintiff asserts state-law claims for trespass to chattels and conversion. [*Id.* at 31.]

Plaintiff argues that his conspiracy allegations under 18 U.S.C. § 241 ("Conspiracy against rights"), give rise to federal question jurisdiction. [*Id.* at 34.] But 18 U.S.C. § 241 is a criminal statute and does not create a private right of action. *Johnson v. Knox Cnty.*, No. 3:19-CV-179-KAC-DCP, 2022 WL 894601, at *6 (E.D. Tenn. Mar. 25, 2022) (providing that 18 U.S.C. § 241 does not create a private right of action); *see also Acken v. Lasley*, No. 1:22-cv-00033-TAV-CHS, 2022 WL 3023255, at *1 (E.D. Tenn. July 7, 2022) ("[C]riminal statutes … do not give rise to a private cause of action.").[1] Nonetheless, Plaintiff's Constitutional claim, which the Court treats as a claim pursuant to 42 U.S.C. § 1983, establishes federal question jurisdiction.

Judge McMillan has filed a motion to dismiss Plaintiff's claims. [McMillan Mot. Dismiss, Doc. 15.] He argues that the Eleventh Amendment and the doctrine of sovereign immunity bar all claims against him in his official capacity; the doctrine of judicial immunity bars all claims against him in his individual capacity; and the

---

[1] The Court notes that Plaintiff's conspiracy allegations are conclusory claims unsupported by any facts that would give rise to a claim for civil conspiracy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007) (establishing that the elements of a civil conspiracy are (1) the existence of a single plan, (2) a shared conspiratorial objective to deprive the plaintiff of his constitutional rights, and (3) an overt act).

3

statute of limitations for § 1983 claims bar any claim based upon actions taken before May 1, 2022. [*Id.* at 1.] Because Plaintiff's claims are barred by the doctrine of absolute judicial immunity, the Court will only address that basis for dismissal.

## ANALYSIS

### A. Plaintiff's Claims Against Judge McMillan are Barred by the Doctrine of Absolute Immunity.

"It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. Immunity from a § 1983 suit for money damages is no exception." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citations omitted); *see also Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction[.]"). Absolute judicial immunity is expansive and it applies when a judge's decision is alleged to be erroneous. *Forrester v. White*, 484 U.S. 219, 227–28 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") (citations omitted); *see generally* Compl., Doc. 1 at 5–33 (alleging that Judge McMillan misapplied Tennessee law). Further, it applies—like Plaintiff alleges here—"when the judge is accused of acting maliciously and corruptly," *Pierson*, 386 U.S. at 554 (citations omitted), and when the judge is accused of conspiring with others, *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The fact that it is alleged that the judge

4

acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity.") (citations omitted).

The Supreme Court has explicitly held that there are only two exceptions to absolute judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). The Court need not engage in extensive analysis to conclude that neither of these exceptions applies here. First, as Plaintiff acknowledges in his Complaint, Judge McMillan's actions were taken in his judicial capacity—in the course of the couple's "divorce and child custody case." [Compl., Doc. 1 at 5 ("This complaint originates from Mr. Craig[']s divorce and child custody case[.]"); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").]

Second, Plaintiff has not alleged that Judge McMillan lacked jurisdiction over the couple's divorce and child custody proceedings. Nor could he; it is obvious that Judge McMillan was performing his statutorily authorized judicial duties of presiding over a petition for an order of protection and divorce and child custody matters. *See* Tenn. Code Ann. §§ 16-11-102 ("Circuit courts; concurrent jurisdiction"), 36-3-605 ("Protection orders; hearing; extension; modification"), 36-3-617 ("Protection orders;

5

assistance in completion of petition forms; court costs); *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997) ("A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.").

Accordingly, because the doctrine of absolute judicial immunity bars all claims against Judge McMillan, his Motion to Dismiss [Doc. 15] is **GRANTED** and all claims against him are **DISMISSED WITH PREJUDICE**.

## B. The Court Declines to Exercise Jurisdiction Over Plaintiff's Remaining State-law Claims Against Ms. McCabe.

Because the Court has disposed of Plaintiff's only federal law claim—his § 1983 claim against Judge McMillan—the only claims remaining in this action are his state-law claims against Ms. McCabe for trespass to chattels and conversion. But, "[i]t is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendent state law claims should be dismissed." *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1998) (citations omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial … the state claims should be dismissed as well.").

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining Tennessee state-law claims against Ms. McCabe and those claims are **DISMISSED WITHOUT PREJUDICE**.

So ordered.

ENTER:

                                                                    s/J. RONNIE GREER
                                                UNITED STATES DISTRICT JUDGE